**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4219

_____

| | |
|---|---|
| Donald P. Kolbow, | * |
| | * |
| Plaintiff-Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of Minnesota. |
| Honeywell, Inc., sued as "Honeywell, | * |
| Incorporated", | *   [PUBLISHED] |
| | * |
| Defendant-Appellee. | * |

_____

Submitted: June 13, 1997
Filed: August 28, 1997

_____

Before MURPHY, LAY and NORRIS,[1] Circuit Judges.

_____

PER CURIAM:

Donald P. Kolbow appeals the district court's[2] grant of summary judgment in favor of Honeywell, Inc., his former employer, in an age discrimination suit brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), and

---

[1]The Honorable William A. Norris, Circuit Judge for the Ninth Circuit, sitting by designation.

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363.03, subd. 1(2). We affirm.

Kolbow began working for Honeywell in 1955 and worked there until he was laid off in January of 1993. He served as an engineering aide.[3] In 1992, Honeywell's Vice President of Engineering for the Home and Building Controls division, Manfred Ahle, decided to upgrade quickly the technological skill base of the engineering employees. This was to be achieved largely by changing the skill mix of employees toward more degreed engineers and engineers with advanced degrees, and through training of retained employees. Pursuant to this direction, Kolbow's supervisor, James Krueger, completed an assessment in the fall of 1992 of the employees in his department to identify training needs. Kolbow received lower scores than the degreed engineers in all three of the categories used in the assessment. In December of 1992, Krueger was told that layoffs would be part of the skills enhancement plan. Krueger then used the assessment to recommend that Kolbow and two other employees from his department be laid off. Dale Mueller, Krueger's supervisor, approved the layoffs.

Pursuant to Honeywell's plan to upgrade quickly the technological skills of its engineering employees, approximately 50 employees were selected for layoff status, and 47 were ultimately discharged. Kolbow's deposition reflects that he thought he was laid off because he could not be trained in a short time.

The district court granted summary judgment on the ground that Kolbow failed to offer sufficient evidence that Honeywell's proffered reasons for his discharge were pretext for discrimination. The law governing evidentiary burdens in age discrimination

---

[3]The record reveals that Kolbow received excellent performance evaluations during much of his time at Honeywell. In addition, Kolbow is credited as an inventor on seven patents procured for Honeywell between 1972 and 1993.

cases is now well established in this circuit.  See Ryther v. Kare 11, 108 F.3d 832, 836-38 (8th Cir.) (en banc), cert. denied, 117 S.Ct. 2510 (1997). [4]

Honeywell stated that Kolbow was laid off pursuant to its plan to upgrade quickly the technological skills of its engineering employees both because Kolbow did not have an engineering degree and because of his lack of training and experience with computer technology[5].  Kolbow asserts that the real reason for his discharge was that his supervisors thought he was too old.  He argues that Honeywell's explanations were pretextual.  First, he argues that Honeywell's response in this litigation is inconsistent with its response given to the Minnesota Department of Human Rights.  He also suggests that Honeywell has inconsistently described the skill in which he was allegedly deficient.  Second, Kolbow argues that Krueger was not qualified to assess his skills because he had been his supervisor for only three to four months, and that the assessment was performed in a hurried manner.  In addition, Kolbow objects to the fact that Krueger did not consult his past performance evaluations as part of the assessment.[6]  Third, he submits that the decision to discharge him was made prior to Krueger's assessment, based on his inclusion on a "surplus" employee list made by Mueller in the fall of 1992.

---

[4]The same standards govern the MHRA claims.  See Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1338 (8th Cir. 1996); Feges v. Perkins Restaurants, Inc., 483 N.W.2d 701, 710 (Minn. 1992).

[5] Honeywell urges this court that Kolbow did not present a prima facie case because the higher standard for a prima facie case in a reduction-in-force (RIF) case should apply here.  See Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994).  The district court viewed the evidence in the light most favorable to Kolbow and assumed at the summary judgment stage that this was not a RIF case.

[6] Kolbow includes an affidavit from Richard Porter, a degreed engineer with whom Kolbow had worked closely for many years.  Porter's affidavit praises Kolbow's performance at Honeywell and disagrees with some of Krueger's evaluations of Kolbow.

The district court held that these arguments did not present a genuine issue of material fact as to whether Kolbow was the victim of intentional age discrimination. We agree. As the district court explained, Honeywell's reasons for the discharge are consistent: Kolbow's supervisors decided that his skills were not sufficient for Honeywell's plan to upgrade quickly the technological skills of its engineering employees.[7] We find nothing in Kolbow's objections to Krueger's evaluation from which a jury could conclude that Honeywell's proffered rationale for his discharge was evidence of pretext.[8] Finally, the "surplus" list shows that Mueller did not think Kolbow's skills were an asset to the department. This fact in no way suggests that the reasons given for Kolbow's discharge were pretextual.

We hold that Kolbow failed to present sufficient evidence to create a genuine issue of material fact regarding the charge that Honeywell's decision to discharge him was motivated by intentional age discrimination.

Accordingly, the district court's grant of summary judgment is affirmed.

---

[7] Kolbow's argument that Honeywell's response to his MHRA charge was inconsistent with its position in this litigation is not supported by the record. Honeywell's letter to the Department of Human Rights explains that Honeywell's Home & Building Control Engineering department, the department in which Kolbow was employed, was in the midst of a reorganization to expand the technological skills of its employees, and that Kolbow was laid off because his skills did not meet the requirements for this plan. That Krueger's evaluation was not specifically referenced in the letter does not establish that his assessment was not used by Honeywell in deciding to lay off Kolbow.

[8] Kolbow apparently agrees. At his deposition, Kolbow admitted that he did not think Krueger had any animus against older workers.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.